## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SP TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 08 C 3760** |
| | ) | |
| | ) | |
| **HTC CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant HTC Corporation's and

Defendant HTC America, Inc.'s (collectively referred to as "HTC") Motion to Stay

Pending *Inter Partes* Reexamination of U.S. Patent No. 6,784,873 ('873 Patent). For

the reasons stated below, we grant the motion to stay.

## BACKGROUND

Plaintiff SP Technologies, LLC (SPT) alleges that it owns all rights, title and

interest in the '873 Patent which is entitled "Method and Medium for Computer

Readable Keyboard Displace Incapable of User Termination" and was issued by the

United State Patent and Trademark Office (PTO) on August 31, 2004. (A. Compl.

Par. 2). SPT alleges that Defendant Samsung Electronics Co., LTD., Defendant

Samsung Telecommunications America, and Defendant Samsung Electronics

America, Inc. (collectively referred to as "Samsung") market and sell a product

known as the "Samsung Instinct," which SPT claims infringes on various claims of

the '873 Patent. SPT also alleges that HTC markets and sells a product known as the

"HTC Touch," which SPT claims also infringes on various claims of the '873 Patent.

SPT alleges that the infringement by both Samsung and HTC is willful and

deliberate.

SPT brought the instant action for patent infringement and seeks, in the

corrected first amended complaint, an award of damages and a permanent injunction

prohibiting further infringement of the '873 Patent. Defendants answered the

complaint and filed counterclaims seeking a declaration of non-infringement and

invalidity of the '873 patent. SPT and Samsung subsequently stipulated to the

dismissal of SPT's claims against Samsung, pursuant to settlement. On April 14,

2009, HTC filed a request for *inter partes* reexamination of the '873 Patent with the

PTO and filed the instant motion to stay the instant proceedings pending the

completion of the possible PTO reexamination.

## LEGAL STANDARD

Pursuant to 35 U.S.C. § 318 (Section 318), "[o]nce an order for inter partes

reexamination of a patent has been issued . . . the patent owner may obtain a stay of

any pending litigation which involves an issue of patentability of any claims of the

patent which are the subject of the inter partes reexamination order, unless the court

before which such litigation is pending determines that a stay would not serve the

interests of justice." 35 U.S.C. § 318. Although not expressly stated in Section 318,

district courts have the authority to grant a such a stay, even when the request is

made by an accused patent infringer and not the patantee. *See Proctor & Gamble

Co. v. Kraft, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008)(rejecting patantee's argument

that a stay under Section 318 could not be granted when requested by an accused

patent infringer). The Federal Circuit has "consistently recognized the inherent

power of the district courts to grant a stay pending reexamination of a patent." *Id.*;

*see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)(stating

that "because district courts have broad discretionary powers to control their dockets,

stays will not be vacated unless they are immoderate and of an indefinite duration").

Other district courts that have considered such stays under Section 318 have taken

into account "the possible damage, hardship and inequities to the parties, and the

relationship of the requested stay to the objective of simplifying the issues and the

trial." *Bacus Laboratories, Inc. v. Aperio Technologies, Inc.*, 2005 WL 475158, at

*16 (N.D. Ill. 2005); *see also Wireless Spectrum Technologies, Inc. v. Motorola

Corp.*, 2001 WL 32852, at *1 (N.D. Ill. 2001)(stating that the courts must consider

"'possible damage, hardship and inequities to the parties to the lawsuit and the

relationship of the stay to the fulfillment of judicial objectives of simplification of the

issues in question and trial of the case'")(quoting *United Sweetener USA, Inc. v.

Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991)). A stay pending PTO

reexamination "should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding." *Proctor & Gamble*, 549 F.3d at 849.

## DISCUSSION

HTC seeks a stay in the instant proceedings, pending a reexamination of the '873 Patent by the PTO, arguing that it would best serve the interests of justice to allow the issue of the '873 Patent's validity to be determined by the PTO before moving forward with the instant action. Specifically, HTC contends that they have discovered numerous instances of prior art that were never properly considered by the PTO in conjunction with the issuance of the '873 Patent. Consequently, HTC argues that substantial issues of patentability remain with respect to the '873 Patent and that such issues are most effectively addressed by the PTO itself, which possesses "unique technical and legal expertise to assess the validity of an issued patent." (Mot. Stay 5). HTC also suggests that a stay would provide the most benefit, in terms of judicial economy, since the PTO's determination would completely resolve the disputed issue of the '873 Patent's validity. HTC argues that the outcome of the PTO's reexamination of the '873 Patent would either dispose of the entire action or dramatically streamline the remainder of the action.

SPT argues that the instant motion for a stay is premature since the PTO has not yet agreed to reexamine the '873 Patent. Furthermore, SPT argues that even if the PTO does grant HTC's request for reexamination, granting a stay would result in

irreparable prejudice to SPT, due in large part to the likely delay in concluding the reexamination. SPT points to studies that show that such patent reexaminations by the PTO often take several years to complete. SPT argues that granting a stay would threaten the speedy administration of justice in this case.

Both sides recognize that the court has discretion to grant a stay pending reexamination if such a stay best serves the interests of justice. (Mot. Stay 3); (Ans. Mot. Stay 3-4). HTC has pointed to a substantial judicial economy benefit that would result from allowing a potential reexamination to occur before proceeding further with the instant action. It is evident at this stage in the proceedings that the patentability of the '873 Patent is an issue in dispute and it would be beneficial for that issue to be resolved by the PTO. *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007)(stating that "[c]ourts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers"). Furthermore, SPT has not pointed to sufficient prejudice that might be caused by a stay pending reexamination that would outweigh the likely benefit of such a stay. In its brief in opposition to the stay, SPT has cited several cases where district courts have denied similar motions to stay. However, in the cases cited by SPT, the stay requests were made late in the litigation or were based on the fact that the proposed reexamination would not fully resolve central issues in the respective cases. *See Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, at *1-2 (N.D. Ill. 1990)(denying a motion for a stay when request was made near the

completion of discovery and after the case was set for trial); *Bacus Laboratories*, 2005 WL 475158, at \*16 (denying motion to stay without prejudice since stay was requested after the case was more than two years old and noting that only limited issues would be resolved by the PTO's reexamination). The instant action is still early in the proceedings and SPT does not contest HTC's assertion that the PTO reexamination will likely entirely resolve the issue of the validity of the '873 Patent. In the event that the PTO accepts HTC's request for reexamination, which both sides contend is likely to occur the PTO would effectively be engaging in a parallel review of the exact same issue unless the court grants HTC's request for a stay.

Furthermore, SPT has not pointed to any separate business interests that might be jeopardized by a delay pending reexamination. In the complaint, SPT only identifies itself as the owner of the rights to the '873 Patent, (A. Compl. Par. 2), and HTC asserts that SPT is nothing more than a patent holding company. While it is true that the complaint alleges that HTC is still marketing the alleged infringing product, SPT can always move to recover damages for such sales at the end of the litigation if SPT is successful on its claims. Therefore, the court finds that a stay pending reexamination of the patent would best serve the interests of justice. However, we would like to impress upon the parties that the grant of the stay is not an open-ended one and the court will entertain appropriate motions or, on its own, make further ruling if it would best serve the interests of justice, including, as HTC has suggested, dismissing the action with leave to reinstate after the resolution of the patent issue.

Finally, SPT also argues that the instant request for a stay is premature since the PTO has not yet agreed to reexamine the '873 Patent. We initially note that both sides suggest that it is very likely that the PTO will accept the request for reexamination. However, in the event that the PTO does not agree to reexamine the '873 Patent, the parties should notify the court of the PTO's decision and the stay in the proceedings will be lifted. Therefore, consistent with this opinion, we grant HTC's motion for a stay pending *inter partes* reexamination of the '873 Patent.

## CONCLUSION

Based on the foregoing analysis, we grant HTC's motion for a stay consistent with this opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 6, 2009